Kyung S. Lee
TX Bar No. 12128400
R.J. Shannon
TX Bar No. 24108062
Ella A. Cornwall
TX Bar No. 24142801
**SHANNON & LEE LLP**
2100 Travis-Suite 1525
Houston, Texas 77002
Tel: (713) 301-4751
Email: klee@shannonleellp.com
Email: rshannon@shannonleellp.com
Email: ecornwall@shannonleellp.com

*Proposed Counsel for the Debtor and Debtor-In-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **In re:** | ) **Bankruptcy Case No.** |
| | ) **25-31219-mvl11** |
| **Ennis I-45 11 ACRE, LLC,** | ) |
| | ) |
| Debtor. | ) **Chapter 11** |

**EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) RATIFYING THE CONSENTED USE OF CASH COLLATERAL; (II) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (III) GRANTING ADEQUATE PROTECTION FOR THE USE THEREOF; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

Ennis I-45 11 ACRE, LLC (the "Debtor"), debtor and debtor-in-possession, by and through its undersigned proposed counsel, submits this *Motion For Entry Of Interim and Final Orders (I) Authorizing The Debtor To Use Of Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection For The Use Thereof; (III) Scheduling A Final Hearing; And (IV) Granting Related Relief* (the "Motion").[1] In support thereof, the Debtor respectfully shows the following:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

## INTRODUCTION

1. The Debtor has an immediate need to use its cash to fund this chapter 11 case. Thus far, the Debtor has worked with and obtained the consent of InterBank as a first lien holder to use $8,348.66 of Cash Collateral to pay for those items in **Exhibit A** shown by a letter dated April 3, 2025, attached hereto as **Exhibit C**. This allows the Debtor to accomplish a smooth transition into chapter 11. Along with anticipated revenues to be generated by the Debtor's ordinary course operations, the use of the Cash Collateral so far and those hoped to be approved herein will allow the Debtor to continue to operate its business and administer this chapter 11 case.

2. If the Debtor is not authorized to use its Cash Collateral, the estate would not be able to continue in chapter 11. The Debtor, would not be able to satisfy its current obligations, and a conversion to chapter 7 at this juncture would be to the detriment of all parties in interest.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. 17 157(b)(2)(A). Venue is proper before this Court pursuant to U.S.C. § 1408.

## REQUEST FOR RELIEF

4. The Debtor seeks entry of the Interim Order, and subsequently a final order (the "Final Order"): (i) ratifying the consented use of Cash Collateral in the amount of $8,348.66 and granting adequate protection for use of that Cash Collateral; (ii) approving the Debtor's use of the remaining $17,964.74 Cash Collateral needed of the total $26,313.40, as set out in the 30-Day Budget, attached hereto as **Exhibit A** until there is final hearing (the "Final Hearing") from its Chase Bank Account No. ending 8997 (the "Chase Account"), and its InterBank Accounts No.

ending 9350 and 9357 (the "InterBank Accounts") when funds become available; (iii) providing adequate protection for, and to the extent of, any diminution in the value of the Cash Collateral, if any, to InterBank and BayPoint; (iii) scheduling a Final Hearing on the Debtor's use of its Cash Collateral on an ongoing basis; and (iv) granting related relief.

## BASES FOR RELIEF

5. The bases for the relief requested herein are sections 105, 361, 362, 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001, and 9014; and Local Rule 9000 et. seq. of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Bankruptcy Rules").

## BACKGROUND

6. The Debtor operates a luxury RV Park in Ennis, Texas, offering the ultimate upscale RV living just 28 miles south of Dallas and 1,100 feet north of Buc-ee's. The site offers 100 luxury RV sites and has a multitude of amenities including a clubhouse, pool, and Skydeck. To provide further information on the Debtor's operations, a marketing plan of the Ennis Luxury RV Resort is attached here to as "**Exhibit D**".

7. On April 1, 2025 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

8. Predicting revenues at RV parks is challenging due to seasonal fluctuations, customer churn and variable demand which significantly impacts occupancy rates and revenue streams. RV parks often experience peak seasons (like summer) with high demand and off-peak seasons (like winter) with lower occupancy, leading to significant revenue variations throughout

the year. Unlike long-term rentals, RV park tenants can leave at any time, making customer retention and demand crucial for predicting revenue. This short-term commitment impacts occupancy and revenue unpredictability.

9. To sustain its operations, the Debtor relies on the income it receives from guest bookings at the RV park. At this time, the operations at the RV park on a monthly basis barely break even. The managers operating the RV Park have worked diligently to keep expenses to a bare minimum and, have often times, contributed their own cash, to make ends meet. To date, they have done an admirable job in keeping the Debtor's operation attractive to its current residents and to new customers.

10. On April 3, 2025, InterBank, the first lienholder on all assets of the Debtor, consented to the Debtor's use of $8,348.66 of its Cash Collateral. The Debtor agreed to provide InterBank the same adequate protection it is providing for the use of Cash Collateral herein.

**CONCISE STATEMENT PURSUANT TO BANKRUPTCY RULE 4001(b)**

11. In accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor provides this concise statement of the relief requested in this Motion:

| Rule | Summary of Material Term |
|---|---|
| Purpose of the Use of the Cash Collateral Bankruptcy Rule 4001(b)(1)(B)(ii) | The Debtor intends to use the Cash Collateral (as defined below) to facilitate its operations, and prevent the diminution in value of the collateral of InterBank (as first lien holder) and Bay Point (as second lien holder). |
| The Material Terms for the Use of the Cash Collateral Bankruptcy Rule 4001(b)(1)(B(iii) | InterBank has a first priority lien on substantially all of the Debtor's assets, including all of the Debtor's accounts, accounts receivable and proceeds thereof and that all cash utilized by the Debtor is InterBank's Cash Collateral[2]. Debtor will use the Cash Collateral in accordance with |

---

[2] Cash Collateral shall be defined herein as cash derived from or generated directly from assets owned by the Debtor in which a party has a valid and perfected security interest and lien as of the Petition Date and such party's security interest is at least partially secured as opposed to unsecured.

4

| | |
|---|---|
| | the budget, which is attached to the Motion as "**Exhibit A**" (the "30-Day Budget") |
| Duration for the Use of the Cash Collateral Bankruptcy Rule 4001(b)(1)(B)(iii) | The Debtor proposes to use the remaining $17,964.74 Cash Collateral on a short-term, interim basis in accordance with the 30-Day Budget. After the interim period, the Debtor proposes to use Cash Collateral on a final basis in accordance with the 90-Day Budget "**Exhibit B**" (the "90-Day Budget"). |
| Liens, cash, payments, or other adequate protection. Bankruptcy Rule 4001(b)(1)(B)(iv) | Each entity with an interest in Cash Collateral will be adequately protected. InterBank will be adequately protected through, at minimum: (i) replacement liens on post-petition assets of the same nature and type on the same terms and conditions as InterBank had on a pre-petition basis; (ii) the preservation and collection of the Debtor's accounts; (iii) super priority administrative expense claims to the extent of the diminution in value of the collateral to the extent InterBank has a claim allowable under section 507(a). Bay Point will be adequately protected by (i) replacement liens on the Debtor's accounts receivable in the same order and priority as existing as of the Petition Date; and (ii) the preservation and collection of the Debtor's accounts receivable. |

## PARTIES WITH AN INTEREST IN CASH COLLATERAL

**InterBank—First Lien Holder**

12. InterBank ("InterBank" or the "first lien holder") made a secured loan to the Debtor pursuant to which Interbank holds a first priority security interest in substantially all of the Debtor's personal property, including its accounts and accounts receivable (collectively, the "Prepetition Collateral"), and a first priority Deed of Trust of 590 S Interstate, I-45, Ennis, Texas (the "Property"). Interbank is the first lien holder on the Debtor's Cash Collateral.

13. The obligation to InterBank is evidenced by:

A. That certain Promissory Note in favor of InterBank dated April 26, 2022, in the principal sum of $850,000.00 and the Loan and Security Agreement dated April 26, 2022, executed by the Debtor and delivered to InterBank ("Note 1"). In conjunction with Note 2, a Deed of Trust was executed on April 26, 2022, in favor of Interbank, and a UCC-1 Financing Statement was recorded in favor of InterBank on September 13, 2022 (Instrument No. 20588017) in the Official Public Records of Ellis County, Texas.

B. That certain Promissory Note in favor of InterBank dated July 18, 2022, in the principal sum of $7,000,000.00 and the Loan and Security Agreement dated July

5

18, 2022, executed by the Debtor to InterBank ("Note 2"). In conjunction with Note 1, a Deed of Trust and a UCC-1 Financing Statement was recorded in favor of InterBank on December 8, 2022 (Instrument No.2245494) and March 7, 2025 (Instrument No. 2507401) in the Official Public Records of Ellis County, Texas;

14. When Note 2 was provided in favor of InterBank, it was agreed between the Debtor and InterBank that the $850,000 under Note 1 would be deemed as an advance of the $7,000,0000. Such that, as of the Petition Date, the indebtedness due under the Notes is approximately $7,000,000.00, not including any interest accrued.

15. The Debtor maintains at Chase Bank the bank account (the "Chase Account") that stands as collateral for the InterBank Loans. The Debtor has deposted into it all the credit card collections paid by the guests to the RV park. On April 3, 2025, the Chase Account held $12,337.12.

16. The Debtor also has two InterBank Accounts used for operational payments which hold Cash Collateral of the Debtor. On April 3, 2025, InterBank Account No. ending 9350 held -$2.48, and on the same date, InterBank Account No. ending 9357 held $1,107.85.

17. The Debtor is the owner of a parcel of real property located at 590 S Interstate, I-45, Ennis, Texas (the "Property"). The Property also secures the repayment of the obligation to InterBank. The Property is where the RV park is situated.

18. Prior to the Petition Date, InterBank claimed that the Debtor was in default under Note 2 and sought to foreclose on the Property on April 1, 2025. This foreclosure was stayed by the Debtor filing chapter 11.

**Bay Point Capital Partners II, LP –Second Lien Holder**

19. Bay Point Capital Partners II, LP ("Bay Point") is holder of a secured claim against the Debtor pursuant to which Bay Point asserts it holds a security interest in substantially all of

6

the Debtor's property, including its accounts and accounts receivable. However, Bay Point holds a junior lien, a second lien, junior to that of InterBank.

20. The obligation of the Debtor to Bay Point is evidenced by:

A. That certain Promissory Note in favor of Bay Point dated August 22, 2023, in the principal sum of $4,000,000.00 (the "**Secured Loan**"), the Loan and Security Agreement dated August 21, 2023 was executed by the Debtor to Bay Point. This loan was recorded in the Official Public Records of Ellis County, Texas, under a Deed of Trust on August 22, 2023.

B. Bay Point also holds an unsecured loan in principal amount of $60,000.00 (the "**Unsecured Loan**") executed by a Promissory Note signed on March 31, 2025.

21. As of the Petition Date, BayPoint holds a secured second lien debt of $4,000,0000 and an unsecured claim of $60,000. BayPoint holds a security interest in all the personal property of the Debtor by a Pledge and Security Agreement executed on August 21, 2023. A Deed of Trust to this effect, providing the Property as collateral, was filed in Ellis County, Texas on August 22, 2023.

22. The InterCreditor Subordination Agreement executed on August 21, 2023 between InterBank and Bay Point illustrates that the Bay Point liens in the Debtor's cash collateral and the Property are unequivocally junior to that of InterBanks liens.

23. For purposes of this Motion, the Debtor is treating BayPoint as an unsecured creditor on account of both its $4,000,000 and $60,000 claims. Whether all of BayPoint's claims are unsecured is subject to valuation of the collateral.

### **THE DEBTOR'S NEED FOR THE USE OF CASH COLLATERAL**

24. The Debtor requires immediate access to its Cash Collateral to ensure that it is able to continue operating its business during this chapter 11 case. The Debtor requires the use of its Cash Collateral as set forth in the 30-Day Budget, which is attached hereto as "**Exhibit A**." The

Cash Collateral will be used among other things: (i) to pay utility bills, (ii) pay the Debtor's payroll on a go-forward basis; (iii) pay management fees; and (iv) otherwise maintain the Debtor's property.

## BASIS FOR RELIEF

### I. The Use Of Cash Collateral Is Necessary And Should Be Approved.

25. The Debtors use of property of its estate, including the Cash Collateral, is governed by section 363(c)(1) of the Bankruptcy Code, which provides in relevant part that:

> If the business of the debtor is authorized to be operated under section … 1108… of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

26. Pursuant to section 363(c)(2), the Debtor "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

27. The Debtor requires access to Cash Collateral to ensure that it is able to continue operating during the chapter 11 case, preserve the value of the estate for the benefit of all the parties in interest, and pursue productive discussions with its creditors to continue business development. During this chapter 11 case, the Debtor will need access to Cash Collateral to satisfy certain payments that are essential for the continued management, operation, and preservation of the Debtor's business as the Debtor intends to rely solely on the income from its guest bookings. Without immediate access to Cash Collateral, the Debtor would be unable to continue to operate its business on an uninterrupted basis, which would result in immediate and irreparable harm to the Debtor's estate.

8

28. The use of Cash Collateral is in the best interests of the Debtor's estate and all of the Debtor's stakeholders, is appropriate under section 363(c)(2) of the Bankruptcy Code, and should be approved.

**II. The Debtor's Proposed Grant of Adequate Protection Is Appropriate.**

29. The Debtor proposes to provide InterBank and Bay Point a variety of adequate protection to protect their interests from any diminution in value of the Debtor's property (including Cash Collateral) resulting from the sale, lease, or use of the Cash Collateral by the Debtor and the imposition of the automatic stay. Such adequate protection includes:

A. *Adequate Protection Liens.*

30. The Debtor intends to provide adequate protection, to the extent of any diminution in value to InterBank and Bay Point's collateral for the use of Cash Collateral by providing post-petition liens pursuant to 11 U.S.C. § 361(2) in cash and other assets generated by or received by Debtor from the collateral subsequent to the Petition Date, but only to the extent that the diminution in value was not caused, in whole in part by InterBank or Bay Point. The priority of any post-petition replacement liens granted to a secured party shall be the same and in the same priority as existed as of the Petition Date.

B. *Adequate Protection Super-Priority Claims.*

31. Further, the Debtor intends to provide adequate protection, to the extent of any diminution in value to InterBank's collateral (only to the extent that (i) InterBank has a claim allowable under Section 507(a); and (ii) the diminution in value is not caused by InterBank's actions or refusal to allow the Debtor to pay debts necessary to preserve its collateral) for the use of Cash Collateral by providing InterBank a super-priority administrative expense claim pursuant to 11 U.S.C. § 507(b) (the "Super-Priority Administrative Expense Claim"). The Super-Priority

Administrative Expense claim will be superior to all other allowed administrative expense claims and unsecured claims with exception of the Carve-Out (as defined in the Interim Order) for U.S. Trustee fees and professional fees incurred by the Debtor and its estate.

32. As set forth above, the Debtor has satisfied the requirements for adequate protection under sections 363(c)(2) and (e) and should be authorized to use Cash Collateral in accordance with the Budget.

## REQUEST FOR IMMEDIATE RELIEF

33. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to Section 363 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after service of such motion. Fed. R. Bankr. P. 4001(b). On the request of the movant, however, a preliminary hearing to use cash collateral may be conducted before such fourteen (14) day period expires, but the court may only authorize that amount of cash collateral as is necessary to avoid immediate and irreparable harm pending a final hearing. Fed. R. Bankr. P. 4001(b).

34. The Debtor requires the immediate use of the Cash Collateral as set forth herein to prevent harm to the Debtor's estate and its creditors.

## EMERGENCY CONSIDERATION

35. In accordance with the Local Rules, the Debtor requests emergency consideration of this Motion. The Debtor submits that an immediate and orderly transition into Chapter 11 is critical to the viability of its business and the success of this chapter 11 case. As discussed in detail above, any delay in granting the relief requested in this Motion could hinder the Debtor's operations, the value of Debtor's assets, and the goal of this chapter 11 case and cause immediate

and irreparable harm. Emergency consideration is necessary, and the Debtor requests that this Motion be heard on an expedited basis.

## **RESERVATION OF RIGHTS**

36. This Motion is not intended to be, nor should it be construed as, (i) an implication or admission as to the validity or priority of any claim or lien against the Debtor, (ii) any impairment or waiver of the Debtor's or any other party in interest's rights to contest or dispute any such claim or lien, (iii) a promise or requirement to pay any prepetition claim. (iv) an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, or (v) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law. Nothing in this Motion or the relief requested herein should be interpreted as the assumption or rejection of any executory contract or unexpired lease under Section 365 of the Bankruptcy Code.

## **NOTICE**

37. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002.

[*Remainder of Page Left Intentionally Blank*]

Dated: April 4, 2025

        SHANNON & LEE LLP

        */s/Ella A. Cornwall*
        Ella A. Cornwall

        Kyung S. Lee
        TX Bar No. 12128400
        R.J. Shannon
        TX Bar No. 24108062
        Ella A. Cornwall
        TX Bar No. 24142801
        2100 Travis Street, STE 1525
        Houston, TX 77002
        Email : klee@shannnonleellp.com
        Email: rshannon@shannonleellp.com
        Email : ecornwall@shannonleellp.com
        Phone: 713-301-4751
        Facsimile: 833-714-5770

        *Proposed Counsel to the Debtor and Debtor-In-Possession*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing.

        */s/Ella A. Cornwall*
        Ella A. Cornwall

```
Label Matrix for local noticing      Ellis County                              Ennis I-45 11 Acre, LLC
0539-3                                Linebarger Goggan Blair & Sampson, LLP   401 N. Carroll Ave
Case 25-31219-mvl11                   c/o John Kendrick Turner                 STE 598
Northern District of Texas            3500 Maple Avenue                        Southlake, TX 76092-6407
Dallas                                Suite 800
Fri Apr  4 10:30:53 CDT 2025          Dallas, TX 75219-3906

1100 Commerce Street                  77 Southwest Development Co, LLC         AYMC Holdings, LP
Room 1254                             401 N Carroll Avenue, Ste 166            PO Box 250888
Dallas, TX 75242-1305                 Southlake, TX 76092-6407                 Plano, TX 75025-0888


Adam Diehl                            Allen Cox                                Allison Moist
318 Dove Creek Trail                  839 E. Bethel School Rd.                 241 N 300 W
Southlake, TX 76092-5109              Coppell, TX 75019-5959                   Torrey, UT 84775


Andrew Blaser                         Anthony Deason                           Bay Point Capital Ptnrs. II, LP
1160 Sage Dr                          2521 Pillory Point                       3050 Peachtree Road NW
Pocatello, ID 83204-4538              Schertz, TX 78108-2276                   STE 740
                                                                               Atlanta, GA 30305-2212


Bo Guan                               Bradley E Yates                          Christ Kyle Memorial Trust
29381 Thackery Dr                     1113 Brookside Dr.                       TTE Bill Waubourn
Laguna Niguel, CA 92677-1654          Hurst, TX 76053-4426                     PO Box 151305
                                                                               Arlington, TX 76015-7305


Cirro Energy                          Doug Taft                                Doug Truong
2745 Dallas Pkwy #200                 102 Olives Branch                        6328 Meadow Crest Lane
Plano, TX 75093-8729                  Shady Shores, TX 76208-5153              Sachse, TX 75048-5512


Dragon Capital Corp                   Ennis 11 Management Company, LLC         Ennis RV Storage, LLC
86 Country Rd. 2938 N                 401 N Carroll Avenue, Ste 166            2217 Pecos Drive
Pittsburg, TX 75686-4659              Southlake, TX 76092-6407                 Grapevine, TX 76051-4811


Ensoleille, LLC                       Greg Furness                             GrowCo Capital, LLC
4552 Ethridge Dr.                     974 Southwick Ln                         133 Nursery Lane
Plano, TX 75024-3964                  Allen, TX 75013-5671                     Fort Worth, TX 76114-4334


ICER, LLC                             IRA Trust Services                       Ians Trust
5001 Cyndur Drive                     FBO James Westfall                       140 E Irving Blvd
Lewisville, TX 75056-6370             3000 N Stemmons Apt 1157                 Irving, TX 75060-3034
                                      Lewisville, TX 75077-4026


InterBank                             Ivy Lai Wa Leung                         J&K Joint Venture
attn: Jenny Johnson Holman            7809 Foxhound Road                       346 Still Forest Dr.
6300 Ridglea Place, Ste 200           McLean, VA 22102-2431                    Coppell, TX 75019-2668
Fort Worth, TX 76116-5707
```

JHANN Elements, Inc.
7131 Colleyville Blvd, Unit 103
Colleyville, TX 76034-6453

Jennifer Weinberger
1806 Harvest Moon Dr.
Grapevine, TX 76051-3173

Jose Terrazas
718 N. Lucas Dr
Grapevine, TX 76051-5060


Kavitha Parackal Trust
128 Circle Ridge Drive
Burr Ridge, IL 60527-8379

Koios Consulting, LLC
1460 Blue Jay Circle
Weston, FL 33327-2005

Kristin Perkins
832 Yellowstone Dr
Grapevine, TX 76051-6661


Lee Milteer
3880 Jefferson Blvd.
Virginia Beach, VA 23455-1606

Longwei Investments, LLC
PO Box 6012
Frisco, TX 75035-0225

Loren Edwards
6718 Grand Canal Ct.
San Angelo, TX 76904-4196


Manohotan Pillia, Flokio, LLC
25928 Donovan Dr.
Chantilly, VA 20152-3415

Matt Hill
5108 Dunster Dr
McKinney, TX 75070-8882

Michael Rotz
9960 W. Sandy River Dr
Boise, ID 83709-5895


Michael Wallace
3915 Patras Dr
Pasadena, TX 77505-3370

Micheal ONeil
973 Rockport Lane
Allen, TX 75013-5675

Midwest Regional, LLC
1313 Bay Meadow Drive
Southlake, TX 76092-3938


Mix Family Trust
320 Quite Valley Drive
Coppell, TX 75019-2665

Olga Svirskaia
1720 Wimbleton Dr.
Bedford, TX 76021-2474

PAMS Investment, LLC
5698 Broadgreen Road
Frisco, TX 75035-0779


Paul Starnes
1612 River Birch Dr.
Flower Mound, TX 75028-3627

Quest IRA FBO Anthony Deason
17171 Park Row Ste 100
Houston, TX 77084-4935

Quest IRA FBO Bradley E Yates
17171 Park Row Ste 100
Houston, TX 77084-4935


Quest IRA FBO Donna Freeman
17171 Park Row Ste 100
Houston, TX 77084-4935

Quest IRA FBO Nadeem Khan
17171 Park Row Ste 100
Houston, TX 77084-4935

Quest IRA FBO Ryne Shirley
17171 Park Row Ste 100
Houston, TX 77084-4935


Quest IRA FBO Sherry Le
17171 Park Row Ste 100
Houston, TX 77084-4935

Quest IRA FBO Susan Derrick
17171 Park Row Ste 100
Houston, TX 77084-4935

RLM Fortune, LLC
210 N. Ector. Dr. Unit 194
Euless, TX 76039-8607


Rajshree Investments, LLC
4420 Caledonia Creek Lane
Plano, TX 75024-7046

Raymond Grambow
10930 N. P. Street
La Porte, TX 77571-9340

Red Dragon LLC
1422 Wathan Dr
Southlake, TX 76092

| | | |
|---|---|---|
| Rena Blaser<br>2285 Coopers Way<br>Blackfoot, ID 83221-4003 | Renjit Lal<br>13791 Louisiana Lane<br>Frisco, TX 75035-0469 | Richard Muller<br>540 Commerce St.<br>Southlake, TX 76092-9113 |
| Rock Hostletler<br>161 Paradise Cove<br>Shady Shores, TX 76208-5131 | Sangeeth Ponahil<br>Dba PSN Associates, LLC<br>5001 Cyndur Drive<br>Lewisville, TX 75056-6370 | Sophic Holdings, LLC<br>7131 Colleyville Blvd, Unit 103<br>Colleyville, TX 76034-6453 |
| TA Investments Holdings Services MFI, LLC<br>1429 NW 168th St.<br>Edmond, OK 73012-6872 | The Boswell Marketing Group, LLC<br>839 Yellowstone Dr.<br>Grapevine, TX 76051-6660 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 |
| VC Blue Skies Enterprises, LLC<br>Attn: Vince Callender<br>2613 Flameleaf Dr.<br>Grapevine, TX 76051-7174 | Yuen L Yeung<br>2409 Knollwod Ct<br>Arlington, TX 76006-2819 | Kyung S. Lee<br>Shannon and Lee LLP<br>2100 Travis St.<br>Ste 1525<br>Houston, TX 77002-8783 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)InterBank | (d)Ellis County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John Kendrick Turner<br>3500 Maple Avenue<br>Suite 800<br>DALLAS, TX 75219-3906 | (u)Ellis County Texas<br>109 South Jackson Waxahachie, TX 75165<br>City of Ennis, Texas 107 N. Sherman St.<br>Internal Revenue Service P. O. Box 7346 |

**End of Label Matrix**
Mailable recipients     71
Bypassed recipients      3
Total                   74