Marc W. Taubenfeld
Texas Bar No. 19679800
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas  75201-6605
Telephone:  (214) 855-7500
E-Mail: mtaubenfeld@munsch.com

*Attorneys for Real Estate Holdings, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ENNIS I-45 11 ACRE, LLC, | § | CASE NO. 25-31219-mvl11 |
| | § | |
| Debtor. | § | |

**REAL ESTATE HOLDINGS, LLC'S COMMENT ON THE DEBTOR'S APPLICATION FOR AN ORDER (A) AUTHORIZING EMPLOYMENT OF SHANNON & LEE LLP AS BANKRUPTCY COUNSEL EFFECTIVE APRIL 1, 2025, AND (B) GRANTING RELATED RELIEF**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Real Estate Holdings, LLC, an Oklahoma series limited liability company acting for the benefit of its Series C ("REH"),[1] the first priority secured creditor herein of Ennis I-45 11 Acre, LLC (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this its Comment on the *Debtor's Application for an Order (A) Authorizing Employment of Shannon & Lee LLP as Bankruptcy Counsel Effective April 1, 2025, and (B) Granting Related Relief* (the "Application"), and would respectfully state as follows:

1. On April 1, 2025 (the "Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On April 2, 2025, the Debtor filed the Application.

---

[1] REH is a wholly-owned subsidiary of InterBank ("REH") and REH's assignee and successor-in-interest with regard to the Senior Loan defined in the ICA, which is defined in paragraph 6 *supra*. As REH's assignee and successor in interest with regard to the Senior Loan, REH is now the "Senior Lender" under and with respect to the ICA.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This Application constitutes a core proceeding within the meaning of the provisions of 28 U.S.C. § 157(b)(2)(A) and 157(b)(2)(N). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Procedure for the Northern District of Texas (the "Local Rules").

5. By the Application, the Debtor seeks to retain Shannon & Lee LLP as its bankruptcy counsel in this case.

6. While REH does not oppose the Application, REH is troubled by actions taken on March 31, 2025, immediately prior to the filing of the Bankruptcy Case by the Debtor and by Bay Point Capital Partners II, LP ("Bay Point"), a junior lienholder on the Debtor's assets behind REH, and signatory to that certain Intercreditor and Subordination Agreement dated August 22, 2023, by and between IB, Bay Point, and the Debtor (the "ICA").

7. Prior to filing the Bankruptcy Case, the Debtor had defaulted on its loan obligations to REH, and had thereafter failed to cure its defaults despite having been given notice of default, notice of intent to accelerate, and notice of acceleration, and notice of trustee's foreclosure sale, as a result of which, REH had posted the real property owned by the Debtor in Ellis County upon which REH has the first priority lien for a 1:00 pm foreclosure sale on April 1, 2025. This case was filed to prevent that April 1, 2025 foreclosure sale.

8. As is set forth in paragraph 14 of the Application, the Debtor borrowed $59,500.00 on the day before filing the Bankruptcy Case from Bay Point. That loan was in further violation of and breach of the Debtor's loan agreement with REH, as it was obtained without REH's consent,

which consent was neither requested nor obtained by the Debtor or Bay Point, resulting in the Debtor being in further default to REH. The $59,500.00 loan was also in violation and breach of a number of provisions of the ICA, and caused a default thereunder.

9. While REH does not object to the Application, it does object to the eve of bankruptcy loan obtained by the Debtor in further violation of its loan agreement with REH, and also in breach and violation of the ICA to which the Debtor is also a signatory.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Real Estate Holdings, LLC respectfully requests that the Court take note of this Comment, and grant Real Estate Holdings, LLC such other and further relief to which it may be entitled.

Dated: April 13, 2025.

Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR P.C.**

By: */s/ Marc Taubenfeld*
    Marc W. Taubenfeld
    Texas Bar No. 19679800
    500 N. Akard Street, Suite 4000
    Dallas, Texas 75201-6605
    Telephone: (214) 855-7500
    E-Mail: mtaubenfeld@munsch.com

***Attorneys for Real Estate Holdings, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on April 14, 2025, I caused true and correct copies of the foregoing document to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties registered or otherwise entitled to receive notice thereof, and that, on the same day, I caused true and correct copies of the foregoing document to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

    */s/ Marc W. Taubenfeld*
    Marc W. Taubenfeld